**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x

LAURITZEN BULKERS A/S,        :
                            :
               Plaintiff,       :
                            :
                            :
             -against-       :
                            :    No. 13-CV-3982 (WHP)
                            :
JIT INTERNATIONAL CORPORATION    :
LIMITED, and PALMAILLE HOLDINGS    :
LTD.,                                :
                            :
            Defendants.     :
-------------------------------------------------------- x

**REPORT OF GARNISHEE HSBC BANK USA, N.A.**
**IN RESPONSE TO WRIT OF ATTACHMENT AND GARNISHMENT**

 

Alexander J. Willscher
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4104
Facsimile: (212) 291-9236
willschera@sullcrom.com

July 3, 2013            *Attorney for Garnishee HSBC Bank USA, N.A.*

1.      Garnishee HSBC BANK USA, N.A. ("HBUS"), by and through its undersigned counsel, submits the following report, pursuant to the Court's Order to Issue Writ of Maritime Attachment and Garnishment and Appointing Process Server ("Order"), and the Writ of Attachment and Garnishment ("Writ"), both dated June 12, 2013.

2.      The Order requires HBUS to "restrain $20,000,000.00 in the Correspondent Bank account of its customer" The Hongkong and Shanghai Banking Corporation Limited ("HBAP"), and to determine what funds in that correspondent account belong to, or are held for the benefit of, Defendants JIT International Corporation Ltd. or Palmaille Holdings Ltd. ("Defendants").  (Order at 3.)

3.      HBUS and HBAP are separate corporate entities affiliated through a common parent company, HSBC Holdings plc.  *See* "The HSBC Group—Simplified Structure Chart,"  http://www.hsbc.com/about-hsbc/~/media/HSBC-com/about-hsbc/structure-and-network /pdfs/group-structure-chart.ashx (Dec. 31, 2012).

4.      HBUS holds a correspondent account for the benefit of HBAP.[1]

5.      On June 13, 2013, HBUS was served with the Writ and promptly restrained $20 million in the correspondent account held for the benefit of HBAP.

6.      HBUS has examined HBAP's correspondent account and has determined that the account contains no "subaccounts" for Defendants.  (Order at 3-4.)

7.      As of the date of this Answer, HBUS does not hold within the district any (i) property or assets (tangible or intangible) in its possession, custody or control, or to which

---

[1]      As the Second Circuit has explained, correspondent accounts are "accounts in domestic banks held in the name of foreign financial institutions."  *Licci ex rel. Licci* v. *Lebanese Canadian Bank, SAL*, 673 F.3d 50, 56 n.3 (2d Cir. 2012).  Foreign banks have correspondent accounts, typically, because the banks "are unable to maintain branch offices in the United States and therefore maintain an account at a United States bank to effect dollar transactions." *Id*.

HBUS holds legal title, that are owed or belong to Defendants; (ii) funds or credits that belong to, or are held for the benefit of, Defendants in the correspondent account that HBUS holds for the benefit of HBAP; and (iii) property (tangible or intangible) as a fiduciary in which HBAP, for the benefit of Defendants, has an interest.

8.     In light of the fact that HBUS holds within the district no property in HBAP's correspondent account for Defendants, the requirements of Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure are not satisfied.  *See Sinoying Logistics PTE Ltd.* v. *Yi Da Xin Trading Corp.*, 619 F.3d 207, 212 (2d Cir. 2010) ("A Rule B attachment is proper only where, among other things, the defendant's property may be found within the district.") (quotation omitted).

9.     Accordingly, HBUS respectfully requests that the Court vacate the provision of its Order which requires HBUS to restrain funds in HBAP's correspondent account. *See id.* ("[I]f, at any point, a plaintiff in a maritime attachment case ceases to be able to satisfy the requirements of Rule B, a district court may—and indeed *should*—revisit and vacate any orders of attachment.").

 Dated: New York, New York
        July 3, 2013

                                        /s/ Alexander J. Willscher
                                        Alexander J. Willscher
                                        SULLIVAN & CROMWELL LLP
                                        125 Broad Street
                                        New York, New York  10004
                                        Telephone:  (212) 558-4104
                                        Facsimile:  (212) 291-9236
                                        willschera@sullcrom.com

                                        *Attorney for Garnishee HSBC Bank USA, N.A.*

## VERIFICATION

STATE OF NEW YORK            )
                             )ss.:
COUNTY OF NEW YORK           )

SCOTT MACIEJEWSKI, being duly sworn, deposes and states as follows: I am a member of the Legal Paper Processing group at HSBC Bank USA, N.A. ("HBUS"), and have reviewed the contents of the forgoing Report of Garnishee HSBC Bank USA, N.A. in Response to Writ of Attachment and Garnishment and know the contents thereof and that the same are true as to my own personal knowledge, except as to those matters stated to be upon information and belief, and as to those matters I believe them to be true. I base my information upon personal knowledge and a review of the HBUS's files relating to this matter.

SCOTT MACIEJEWSKI
HBSC Bank USA, N.A.

Sworn to before me this
_1st_ day of July 2013

Notary Public

JOHN CYNA
No. 01CY6142767
Notary Public, State of New York
Qualified in Erie County
My Commission Expires 03/20/2014

-4-